IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BUREAUS INVESTMENT GROUP
PORTFOLIO NO. 15, LLC,

    Plaintiff and Counter-Defendant,

v.

JAY ATHEY,

    Defendant, Counter-Plaintiff, and
    Third-Party Plaintiff,

v.

LAW OFFICES OF KIMBERLY J.
WEISSMAN LLC and
THE BUREAUS, INC.

    Third-Party Defendants.

OPINION AND ORDER

20-cv-517-wmc

---

After plaintiff Bureaus Investment Group Portfolio No. 15, LLC ("BIG 15") filed a collection lawsuit against defendant Jay Athey in state court, Athey filed a third-party complaint against Law Offices of Kimberly J. Weissman ("Weissman") and The Bureaus, Inc. ("The Bureaus"). (*See* dkt. #2-1.) Third-party defendants Weissman and The Bureaus then removed the case to this court pursuant to 28 U.S.C. § 1441. (Dkt. #2.) Defendant Athey now seeks remand of the case and attorneys' fees incurred in moving to remand. (Dkt. #16.) For the reasons explained below, the court will grant defendant's motion to remand but will not award attorneys' fees.

BACKGROUND

On January 24, 2020, BIG 15 filed a lawsuit against Jay Athey in the Circuit Court

of Dane County, Wisconsin, to collect a debt that Athey purportedly incurred using a Best Buy Store credit card. As part of his response, Athey filed a third-party complaint against Weissman and The Bureaus, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. On June 5, 2020, Weissman and The Bureaus also jointly removed this case on the ground that Athey's FDCPA claims arise under federal law. On July 6, 2020, Athey filed his motion to remand.

OPINION

**I. Motion to Remand**

Athey seeks remand of this case on two alternative bases. First, Athey contends third-party defendants are not permitted to remove the case to federal court under 28 U.S.C. § 1441(a) or (c). (Def.'s Br. (dkt. #18) 4.) Second, Athey argues that the third-party defendants' denial of this court's jurisdiction warrants remand all by itself. (*Id*. at 6.) The court will take up each argument in turn.

Under §1441(a), "any civil action brought in a State court . . . may be removed by the defendant or the defendants" as long as federal district courts would have original jurisdiction over the case. 28 U.S.C. § 1441(a). The U.S. Supreme Court has held that the "civil action brought in a State court" refers to the *original* action brought by plaintiff in a state court, and the phrase "defendant or the defendants" refers to a defendant or defendants in plaintiff's original state-court action. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748-49 (2019). Thus, parties who are brought into the case by virtue of a third-party complaint are not "the defendant or the defendants" under § 1441(a). *Id*. at

2

1750. Indeed, Weissman and The Bureaus are *third-party* defendants.

Nevertheless, in response to Athey's contention that the holding *Home Depot* is controlling here, Weissman and The Bureaus contend that removal was appropriate because they removed this case pursuant to § 1441(c), rather than § 1441(a) at issue in *Home Depot*. (Third-Party Defs' Br. (dkt. #19) 4.) Specifically, they argue that § 1441(c) is distinct from § 1441(a) in that it allows third-party defendants to remove the case under certain circumstances. (*Id.*) While acknowledging that *Home Depot* dealt with § 1441(a) in particular, Athey contends that the Supreme Court's reasoning in that case necessarily demands the same result with respect to § 1441(c). (Def.'s Reply (dkt. #28) 2.) This court agrees.

First, and most fundamentally, it is dubious (if not bordering on the absurd) to conclude that the Supreme Court would have taken up the issue of a third-party defendant's right to remove an original action under subsection (a) in *Home Depot*, if that issue were entirely mooted by a third-party's right to do so under subsection (c). Nor did that reading even come up in oral argument in *Home Depot*, since the parties and members of the Supreme Court understandably appear to have read § 1441(c) as extending a defendant's right to remove a civil action with both removeable federal claims (subsection (c)(1)(A)) and now-removeable state claims (subsection (c)(1)(B)).

Second, a "word or phrase is presumed to bear the same meaning throughout a text unless context requires otherwise." Scalia & Garner, Reading Law § 25, at 170 (2012). *In Home Depot*, the Supreme Court held that third-party defendants are not "defendants" under §1441(a) because that subsection refers to any "civil action," meaning an original

3

action brought by plaintiff in a state court, and "defendant or defendants" refers only to "defendant or defendants" in a plaintiff's original state-court action.  *Id.* at 1748-50. Similarly, § 1441(c) provides that if a "civil action" includes both a federal claim and a state law claim "not within the original or supplemental jurisdiction of the district court," "the entire action may be removed."  28 U.S.C. § 1441(c)(1)(B).  Section 1441(c)(2) further provides that only "defendants" to the federal claims need consent to removal.  *Id*.  Like subsection (a), therefore, subsection (c) refers to "civil action" and "defendants." Thus, unless context requires otherwise, a "civil action" under subsection (c) again refers to the original action brought by plaintiff in a state court, and "defendants" only refers to "defendants" in a plaintiff's original state-court action, not third-party defendants.

Third, the context surrounding § 1441(c) does not require departure from the meaning of the "defendant and defendants" under § 1441(a).  Recently, in *Bowling v. United States Bank Nat'l Ass'n*, 963 F.3d 1030, 1036 (11th Cir. 2020), the Eleventh Circuit specifically held that a third-party defendant is not a "defendant" who can remove under § 1441(c).  As the *Bowling* court notes, and as just alluded to above, § 1441(a) is the operative clause that authorizes removal, while § 1441(c) merely provides an additional condition for certain subset of civil actions involving both federal and state law claims.  *Id*. Moreover, while subsection (c) requires that only "defendants" to the federal claims consent to removal, this does not otherwise require departure from the meaning of the "defendant or defendant" under subsection (a) because it merely alters the restriction under § 1446(b)(2), which requires "all defendants . . . consent to removal."  *See Home Depot*, 139 S. Ct. at 1750 (finding § 1453(b), which permits removal by "any defendant"

4

to a class action, did not permit removal by third-party defendants, but merely altered the restriction under § 1446(b)(2), not changed the meaning of the "defendant" under § 1441(a)). Accordingly, the court will grant defendant's motion to remand.[1]

Give this ruling, the court need spend little time addressing Athey's alternative argument, which is premised on the general proposition that Weissman and The Bureaus, as the parties invoking federal jurisdiction, had to establish all elements of jurisdiction, including their standing at the time of removal. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018). In particular, Athey contends that Weissman and The Bureaus failed to meet their burden when they argued lack of federal jurisdiction upon removal. *Id*. As Athey mentions, the Seventh Circuit in *Collier* recently admonished the defendant for taking a similar approach, deeming it a "dubious strategy." *Id.* at 897. However, "dubious" the strategy, it is not clear whether this warrants automatic remand. *See Goings v. UGN, Inc.*, No. 17-cv-9340, 2018 U.S. Dist. LEXIS 99273 at *2 (N.D. Ill. June 13, 2018). This court has an independent obligation to ensure that it has subject matter jurisdiction. *Dixon v. Wash. & Jane Smith Cmty.*, No. 17 C 8033, 2018 U.S. Dist. LEXIS 90344 at *8 (N.D. Ill. May 31, 2018) (quoting *Smith v. Am. Gen. Life & Acc. Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003)). Moreover, as Weissman and The Bureaus contend, the court in *Collier* did not remand the case based on defendant's failure to establish federal jurisdiction. *Collier*,

---

[1] While Weissman and The Bureaus supported their argument with cases that have explored the possibility of removal by third-party defendants, those cases are not persuasive either because (1) they rely on "separate and independent" language of § 1441(c), which has been excised by Congress through subsequent amendment, or (2) they were overruled by *Home Depot*. For example, while *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d. 133 (5th Cir. 1980), held that a third-party defendant could remove a case under § 1441(c), the *Bowling* court concluded that that case had been overruled after *Home Depot* was decided. *Bowling*, 936 F.3d at 1039.

889 F.3d at 896-97.  Rather, the court remanded the case based on its affirmative finding that the plaintiff lacked standing required for federal jurisdiction.  *Id.*  In any event, the court need not decide this issue as it is remanding this case to state court based on the third-party defendants' improper removal.

## II. Attorney's Fees

In addition to remanding the case, Athey also asks for an award of his attorney's fee.  Under *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005), a district court may award attorney's fees under § 1447 if the removing party lacked an "objectively reasonable basis" for seeking removal.  In *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th. Cir. 2007), the Seventh Circuit found that defendant lacks objectively reasonable basis for removal if, at the time the defendant filled his notice in federal court, clearly established law demonstrated that he had no basis for removal.

The court finds there was no clearly established law that demonstrated that third-party defendants cannot remove under § 1441(c).  When Weissman and The Bureaus removed this case, the Supreme Court had already decided in *Home Depot* that third-party defendants cannot remove under either § 1441(a) or § 1453(b).  However, as Weissman and The Bureaus point out, the Supreme Court's holding was (at least expressly) limited to § 1441(a) and § 1453(b).  *Home Depot*, 139 S. Ct. at 1748-51.  Moreover, while the *Bowling* court held that third-party defendants do not have right to remove the case under § 1441(c), this court is not bound by the decision of the Eleventh Circuit.  *Bowling*, 963 F.3d at 1040.  Accordingly, while a close question, the court will not award attorneys' fees.

6

ORDER

IT IS ORDERED that:

1) Defendant/Counter-Plaintiff/Third-Party Plaintiff Jay Athey's motion to remand to state court (dkt. #16) is GRANTED. Athey's request for attorney's fees, however, is DENIED.

Entered this 14th day of December, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge